UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TORRY JAY TURNER,

          Plaintiff,

v.

PAUL SULLIVAN et al.,

          Defendants.
_____/

Case No. 1:14-cv-348

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Torry Jay Hunter presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Alger Correctional Facility. Following a jury trial in the Kent County Circuit Court, Plaintiff was convicted of one count of assault with intent to commit sexual penetration, MICH. COMP. LAWS 750.520g(1), and fourth-degree criminal sexual conduct

(CSC IV) involving force or coercion, MICH. COMP. LAWS § 750.520e(1). On June 6, 2006, Plaintiff was sentenced to a prison term of two to twenty years on the conviction for assault with intent to commit sexual penetration and 1 to 4 years on the conviction for CSC IV.

Plaintiff sues the following Defendants: 17th Circuit Court Judge Paul Sullivan; 17th Circuit Court Clerk Sandra Boyer; 62A District Court Judges Steven Timmers and Pablo Cortes[1]; Kent County Assistant Prosecutors Christopher Becker and Kevin Bramble; Probation Officer David Kuiper; Wyoming Police Sergeant Michael Struve; Wyoming Police Detective Michael Moore; Wyoming Police Officer Marc Holman; and MDOC Director Daniel Heyns.

Plaintiff alleges that, on April 2, 2005, Defendant Struve responded to a report of a CSC by the complainant, A.W. After interviewing A.W., Defendant Struve allegedly misstated the alleged conduct in an incident report. Struve gave the report to Defendant Moore, without having obtained Detective Bureau approval. Plaintiff claims that the failure to obtain approval rendered the report false, and he claims that Struve and Moore acted wantonly and recklessly to falsely investigate. Moore subsequently prepared a felony complaint charging two counts. On April 7, 2005, Defendant Prosecutor Becker sought and obtained a warrant from Defendant Timmer for Plaintiff's arrest on the complaint. According to Plaintiff, Moore's testimony as the complaining witness was insufficient to support the warrant, and Defendants acted wantonly and recklessly to seek and sign the warrant.

On April 8, 2005, Plaintiff was arrested by Defendant Holman, allegedly illegally, because Holman did not complete a proper return. Following arraignment on April 11, 2005, Defendant Timmers set bond at $25,000, and Plaintiff subsequently was released on bond. On April 20, 2005, Plaintiff was brought before Defendant Timmers for a preliminary examination. Before

---

[1] In his listing of Defendants, Plaintiff identifies Defendant Pablo Cortes as an Assistant Kent County Prosecutor. However, Pablo Cortes is a judge in the 62A District Court. The Court therefore identifies him as such in this opinion.

the examination, Plaintiff met with Defendant Cortes, who offered Plaintiff a plea bargain involving pleading guilty to the lesser offense. Plaintiff refused to plead guilty. Defendant Timmers then conducted the preliminary examination and ultimately bound Plaintiff over for trial in the 17th Circuit Court. Plaintiff alleges that the bindover was wrongful and reckless, for a variety of reasons.

Plaintiff alleges that Defendant Bramble did not prepare a felony information until April 10, 2006. Plaintiff was tried before Defendant Sullivan shortly thereafter, and the jury found Plaintiff guilty on April 12, 2006. Following the conviction, Defendant Sullivan revoked the bond and referred Plaintiff to Defendant Kuiper for preparation of the Presentence Investigation Report. Defendant Sullivan sentenced Plaintiff on June 6, 2006, setting the maximum sentence at 20 years, twice the base sentence maximum, after Plaintiff was found to be a second felony offender under MICH. COMP. LAWS § 769.11. The sentence was certified by Defendant Clerk Boyer, and Plaintiff was sent to the MDOC to serve his sentence.[2] Plaintiff alleges that Defendant Heyns unlawfully continues to confine him.

For relief, Plaintiff seeks immediate release, together with compensatory and punitive damages.

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

---

[2] According to the electronic docket of the Michigan Court of Appeals, Plaintiff appealed his conviction to the Michigan Court of Appeals, but not to the Michigan Supreme Court. The Michigan Court of Appeals affirmed the convictions in an unpublished opinion issued November 20, 2007. *See* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=271383&CourtType_CaseNumber=2 (last visited May 8, 2014). Plaintiff also filed a motion for relief from judgment in the Kent County Circuit Court, which was denied on March 27, 2008. Plaintiff sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on August 5, 2008 and November 25, 2008, respectively. *See* http://courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=285648&CourtType_CaseNumber=2 (last visited May 8, 2014).

- 3 -

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 15, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE